(95 South. 423)

No. 25714.

## COBBS et al. v. CITY OF NEW ORLEANS.

### In re COBBS et al.

(Jan. 27, 1923.)

*(Syllabus by Editorial Staff.)*

1. Injunction ☞211—Motion for further proceedings held illegal and irregular, after definitive judgment not appealed from.

Where a definitive judgment from which no appeal was taken enjoining a city from interfering with plaintiffs' free use and enjoyment of certain property, and from removing the fence inclosing it, was not a nullity, the city's motion to cite plaintiffs to show cause why a surveyor should not be appointed to make a survey and why plaintiffs should not be ordered to remove their fence, was illegal and irregular.

2. Injunction ☞211 — Even though right to have boundary fixed is reserved, it must be done by independent suit and not by ingrafting proceedings on suit closed by judgment.

Even though a definitive judgment, enjoining a city from interfering with plaintiffs in the enjoyment of their property and from removing the fence inclosing it, had reserved to the city the right to have the correct boundaries fixed, it could only be done by an independent suit and not by ingrafting proceedings upon a suit already closed by definitive judgment.

Suit by William Cobbs and another against the City of New Orleans. On application by plaintiffs for writs of certiorari and prohibition to prevent further proceedings. Peremptory writ of prohibition issued.

J. D. Nix, Jr., and W. W. Wright, both of New Orleans, for applicants.

LAND, J. On July 17, 1920, relators applied to the civil district court for the parish of Orleans for an injunction, restraining the city of New Orleans and the commissioner of public property from in any wise interfering with them in the free use and enjoyment of lots 9 and 10 in square 652 of the Sixth district of the city of New Orleans, bounded by Willow, Clara, Soniat, and Peters avenue, or from entering their premises, or removing their side fence inclosing their property on Willow street, or removing or tampering with their house facing Willow street. Relators prayed in their petition for injunction that, after due hearing, the injunction be perpetuated, and that the boundaries inclosing their property, as shown on survey annexed to the petition, be recognized and enforced.

Relators allege in their injunction suit the acquisition of this property by purchase in the years 1903 and 1906; that they have had the actual and undisturbed possession of same from the date of said purchase until June 8, 1920, when defendant city served a notice on them, through its commissioner of public property, advising relators that the fence and house on their property was obstructing Willow street, and that, unless relators removed same, the said defendant would cause same to be removed within 10 days.

Relators allege in said suit that the fence and house in question were constructed on their premises in accordance with their title, and in accordance with the plan of survey by H. W. W. Reynolds, deputy city surveyor, of

date March 5, 1903, annexed to and made a part of their petition, and that, in accordance with said survey, the property lines of relators do not project into or onto Willow street.

The mayor of the city of New Orleans and the commissioner of public property were duly cited to answer relators' demands, and on July 19, 1920, a temporary injunction was issued by respondent judge, and served personally on said date upon said mayor and said commissioner. On March 28, 1921, a default was entered, and on April 8, 1921, defendants being absent and unrepresented, said default was duly confirmed, and made final, and judgment was rendered in favor of relators, perpetuating the writ of injunction, and forever restraining defendant city and the commissioner of public property from interfering in any wise with relators in the free use and enjoyment of their property, and permanently prohibiting defendant city and its commissioner from entering upon or removing said fence that encloses relators' property, and from tampering with the house of relators.

This judgment was read and signed in open court April 14, 1921. No appeal was prosecuted from said judgment by defendant city, and no action was taken by it until November 9, 1922, when defendant filed a motion in the same proceeding in which said final judgment perpetuating said injunction had been rendered, praying that relators be cited to show cause on November 29, 1922, why a surveyor should not be appointed by the court and sworn to make a survey of the premises of relators, and make a procés verbal of his work, and why relators, after due proceedings, should not be ordered to remove the fence erected and maintained by them on Willow street between Soniat street and Peters avenue.

On November 29, 1922, relators filed a peremptory exception to this motion of the city, alleging that the judgment rendered in said case is res adjudicata between the parties, and is final and definitive, the delays for appeal having long since expired.

Respondent judge, on November 29, 1922, entered the following order:

"This matter having been submitted to the court, the court ordered that the period of 10 days be allowed for the purpose of agreeing."

On December 11, 1922, respondent judge notified counsel of relators that it was his intention, unless restrained from so doing, to appoint a surveyor, notwithstanding the final and definitive judgment pronounced in said injunction proceeding.

Relators have invoked our supervisory jurisdiction for relief, praying for a writ of prohibition, directing respondent judge not to proceed further under his said order of November 29, 1922, and that said order be set aside as in violation of said definitive judgment.

[1, 2] It is not pretended in this case by defendant city that the judgment perpetuating this injunction is an absolute nullity, because of defects patent on the face of the record, nor for incompetency of judge ratione materiæ. No legal grounds for collateral attack upon this judgment are urged, and none for direct action of nullity are alleged. Yet the proceeding by defendant city in this suit by rule is virtually an attempt to vacate this judgment under the allegations set up in said rule of reservation to the city, of certain rights, the necessity of proceeding with the paving plan of the city, etc. That this method of procedure is illegal and wholly unauthorized is self-evident, as the judgment in favor of relators is final, and no appeal has been taken from same by the city of New Orleans. No rights have been reserved in said judgment to defendant city, and even if the right had been reserved to said defendant in said judgment to fix the correct boundaries, as the exigencies of the case might re-

quire, it is obvious that such right could not be legally asserted by ingrafting proceedings upon a suit already closed by definitive judgment; but that an action of boundary should be brought by the city in an independent suit against relators to have the limits and location of their property duly ascertained and determined after service of petition and citation and after the usual delay for answering. It will be time enough for us to pass upon the rights of the respective parties, when a proper proceeding has been instituted, and these questions are brought before us in due course and in regular form of procedure.

The proceeding in this suit by defendant city by motion to have these boundaries ascertained and fixed being irregular and illegal, the relators are entitled to the relief which they seek.

It is, therefore, ordered, adjudged, and decreed that a peremptory writ of prohibition issue to Hon. E. K. Skinner, judge of division C of the civil district court, for the parish of Orleans, forbidding respondent judge to proceed further in the case of William and Malinda Cobbs v. City of New Orleans, No. 132,-540 on the docket of said court.

O'NIELL, C. J., concurs in the decree.